25509. WILLIAMS v. THE STATE.

DECIDED APRIL 21, 1939.

M. E. O'Neal Jr., B. Y. Ramsey, for plaintiff in error.

BROYLES, C. J. The defendant was convicted of possessing "illegal whisky." The first special ground of his motion for new trial assigns error on the court's refusal to declare a mistrial because the solicitor, in his closing argument to the jury, and after counsel for the accused had announced that the defense waived argument, used the following language: "May it please your honor, and you, gentlemen of the jury, the law will not let me criticize the defendant sometimes, but I can criticize his counsel's conduct. Gentlemen, he gives up." The defendant's counsel immediately objected to the language and moved for a mistrial. The court severely rebuked the solicitor and stated that the remarks were highly improper. The court also in its charge to the jury instructed them at length that the language used by the solicitor was highly improper and should not be considered by them in determining the guilt or innocence of the defendant. Under such circumstances this court can not hold that the court abused its discretion in overruling the motion for a mistrial.

Special ground 2 of the motion for new trial assigns error on the refusal of the court to declare a mistrial when the solicitor, during his closing argument to the jury, "passed the bottle of whisky (which had been introduced in evidence) under the noses of the members of the jury sitting on the front row, and asked them to smell it and pass it further down the line and on the back row; all of this happening in the trial of the case and in open court." The ground alleges that such conduct was highly improper and prejudicial to the defendant, and that the court merely overruled the motion to declare a mistrial, without rebuking the solicitor or instructing the jury "regarding the incident." While the above-stated conduct of the solicitor is questionable, the ground of the motion is not so complete and understandable within itself as to show reversible error. Suppose, for instance, that the defendant had admitted being in possession of the bottle in question, but had denied that it had contained any intoxicating liquor, would not the solicitor have had the right to ask the jury to smell the bottle which had been introduced in evidence?

The general grounds of the motion for new trial, not having been argued or insisted on in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*